BEER, Judge.
On July 7, 1976, plaintiffs Donald R. Ber-geron and Cynthia Bergeron instituted suit in the 24th Judicial District Court against David L. Anderson and Allstate Insurance Company. On August 16th, the defendants filed their answer and requested trial by jury. On or about August 23rd, defendants’ counsel of record received notice of the district court’s order requiring the posting of a $1,000 jury cost bond, that order having been signed on August 20th. The bond, which shows a date of August 31st, was filed on September 7th, although it is possible that it may have been physically in the clerk’s office some time prior to that date. (The Labor Day weekend was from September 4th through September 6th.)
At any rate, the record further indicates that on September 2nd, the attorney for plaintiffs filed a motion to set the case for trial on the merits, and, on that same date, the district judge entered an order removing the case from the jury docket and placing it on the docket for trial by the judge without a jury. Defendants, Anderson and Allstate, have, through their counsel, sought to return the matter to the jury docket without avail. We granted a writ of certiorari to review the matter.
Supporting memoranda has been filed by the honorable district judge before whom the case has been set for trial and by able counsel for Anderson and Allstate.
We are in sympathetic understanding of the dilemma which confronted the diligent trial judge in this matter, but must, nevertheless, grant the relief sought.
Unfortunately, the Code of Civil Procedure and the Revised Statutes are silent in dealing with the problem that is apparent in this matter. The problem could, we believe, be obviated by a provision in the Code of Civil Procedure empowering the district court to set a specific time limitation for the filing of a jury cost bond, failing which the case would be removed from the jury trial docket.
The district court was placed in a dilemma by reason of the fact that the jury cost bond was not filed of record (though it had been obtained) at the moment in time when the court was presented with a motion to set the case for trial on the non-jury docket. The court, thus confronted, granted the motion.
The generally uncontested chronology of events causes us to conclude that counsel for Anderson and Allstate proceeded with due diligence and without unexplainable delay in obtaining the bond and forwarding same for filing to the Clerk of the 24th Judicial District Court. The statute requiring the posting of the jury bond implies — we believe — a reasonable period for compliance with the order setting the amount of the bond.
Under the particular circumstances of this case, we believe that the proper exercise of our supervisory authority requires that we reinstate the case on the jury docket. Accordingly, the order of the 24th Judicial District Court is recalled and set aside, and it is how ordered that the matter be placed on the jury docket.
RECALLED, SET ASIDE AND RENDERED.